FILED
WILKES BARRE
FEB 2 4 2015
Per MS

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FONTAINE K. MCCLURE, SR. : <br> (Pro Se) : <br> Plaintiff, : <br> : <br> vs. : <br> : <br> LIBERTY TAX CORP., BASIL : <br> PAPORTIOUS, ELAINA : <br> PAPORTIOUS, BEANTAX, LLC : <br> : <br> Defendant. : | CIVIL ACTION NO. 1:15-CV-349 <br><br><br><br><br> (Magistrate Judge Saporito) |

## MEMORANDUM

The Plaintiff, Fontaine K. McClure, Sr., filed a Complaint *pro se* against Liberty Tax Corp., Basil Paportious, Elaina Paportious, and Beantax, LLC on February 18, 2015. The Complaint lists diversity jurisdiction without referencing 28 U.S.C. §1332 and it fails to set forth the names and addresses of the parties in order for us to determine whether diversity jurisdiction is proper.

The Court finds that Plaintiff's Complaint lacks sufficient allegations as to all four Defendants and what these Defendants personally did to violate any of Plaintiff's rights. *Pro se* parties are accorded substantial deference and liberality in federal court. Haines v. Kerner, 404 U.S. 519, 520 (1972); Hughes v. Roe, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain

a short and plain statement setting forth (1) the grounds which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.

Under even the most liberal construction, Plaintiff's Complaint is in clear violation of Rule 8. It does not give Defendants fair notice of what Plaintiff's claims against them are and the grounds upon which it rests. Even taking into account the fact that Plaintiff is proceeding *pro se*, his Complaint is not in conformity with Rule 8 of the Federal Rules of Civil Procedure. It certainly does not set forth in brief, concise, and understandable terms the personal conduct of each Defendant about which Plaintiff is complaining.

Also, it appears that the Plaintiff is alleging fraud. Pursuant to Fed.R.Civ.P. Rule 9, allegations of fraud must be stated with particularity. The plaintiff's complaint fails to allege, with particularity, the circumstances constituting fraud. Accordingly, Plaintiff will be directed to file an amended complaint. Plaintiff is also reminded that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must establish the existence of actions by the Defendants which have resulted in constitutional deprivations or some other

basis that involved this court's jurisdiction. E.g. Rizzo v. Goode, 423 U.S. 362, 370-73 (1976). It should specify which actions are alleged as to which Defendants. The amended complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure. See, Fed.R.Civ.P.8(e)(1). With respect to the allegations of fraud, the amended complaint must state with particularity, the circumstances constituting fraud. See, Fed.R.Civ.P. 9(b). If Plaintiff fails, within the applicable time period, to file an amended complaint adhering to the standards set forth above, it will be recommended that his action be dismissed.

An appropriate Order will be issued.

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: February 24, 2015