IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FONTAINE K. MCCLURE, SR.
(Pro Se)
      Plaintiff,

vs.

LIBERTY TAX CORP., et al.

      Defendant.

CIVIL ACTION NO. 1:15-CV-349

(Jones, J)
(Saporito, M.J.)

FILED
WILKES BARRE
AUG 2 5 2016
Per____

## MEMORANDUM

### I. BACKGROUND

This civil action was initiated on February 18, 2015, by the filing of a *pro se* complaint by the plaintiff, Fontaine K. McClure ("McClure"), together with a motion for leave to proceed *in forma pauperis*. (Docs. 1 and 2). On February 24, 2015, the Court entered an order and memorandum, finding that the *pro se* complaint did not comply with the requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure. (Docs. 7 and 8). McClure was advised of various deficiencies and directed to file an amended complaint. (Id.).

On March 16, 2015, McClure filed his amended complaint. (Doc. 10). On March 19, 2015, the Court granted him leave to proceed *in forma*

*pauperis* and directed that his amended complaint be served upon the defendants. (Doc. 11). On May 21, 2015, the defendants appeared and filed a motion to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim under Rule 12(b)(6). (Doc. 17). We filed a report and recommendation on February 17, 2016 (Doc. 31), recommending that McClure's Fair Labor Standards Act ("FLSA") claim be permitted to proceed and all of his other claims be dismissed. On March 14, 2016, the court adopted our report and recommendation in its entirety. (Doc. 32). Thereafter, we ordered that McClure file his second amended complaint on or before March 30, 2016. (Doc. 33). To date, McClure has failed to file his second amended complaint. On April 11, 2016, we extended the discovery deadline to May 11, 2016. (Doc. 34). In their motion, the defendants allege that their counsel immediately contacted McClure by email in order to schedule his deposition. (Doc. 35 ¶13). On April 15, 2016, defense counsel emailed a notice to McClure to take his deposition as well as a request to produce documents, and scheduled his deposition for April 27, 2016 at 10:00 a.m. at the Law Offices of Mark K.

Emery, 410 North Second Street, Harrisburg, Pennsylvania. (Id. ¶14). McClure failed to appear for his scheduled deposition. (Id. ¶15). He also failed to produce the requested documents. (Id. ¶16).

On June 13, 2016, the defendants filed their motions for sanctions and to dismiss the amended complaint. (Doc. 35). They also filed their brief in support thereof on June 24, 2016. (Doc. 38). We have not received any opposition brief by McClure despite our order of July 18, 2016, affording him additional time until August 1, 2016, to file it. (Doc. 39). To date, McClure has failed to file any opposition brief.[1]

## II. DISCUSSION

In determining the issue before us, we are guided by the following rules. Dismissals with prejudice are drastic sanctions termed "extreme" by the Supreme Court and are to be reserved for comparable cases. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984) (citing Natl. Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S.

---

[1] The last documents filed by McClure were a motion to strike (Doc. 24) and brief in support thereof (Doc. 26) which were filed on June 18, 2015 and June 26, 2015 respectively, and which we denied on June 26, 2016. (Doc. 25)

3

639, 643 (1976). <u>Poulis</u> further instructs that we must balance the following factors in order to determine whether the sanction of dismissal is appropriate:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet the scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

<u>Poulis</u>, 747 F.2d at 868. Courts are reminded to provide a plaintiff with an opportunity to explain the reasons for failing to prosecute the case or comply with the court's orders prior to dismissing a case. <u>Briscoe v. Klaus</u>, 538 F.3d 252, 258 (3d Cir. 2008).

### A. <u>Evaluation of the Six Poulis Factors</u>

#### 1. <u>The extent of the party's personal responsibility</u>

We recognize that a <u>pro se</u> plaintiff is solely responsible for the progress of his case. <u>Id.</u> at 258-59. Nevertheless, here we have no explanation from McClure why (1) he failed to file a second amended complaint; (2) he failed to appear for his deposition, and (3) he failed to produce the requested documents. The state of the record is insufficient

for us to find that he simply "refused" to comply. We acknowledge that McClure has not moved his case swiftly and he has filed meritless motions. (Docs. 19 and 24). We have afforded him additional time (Doc. 39) to respond to the instant motions and he has not filed an opposition brief nor requested an enlargement of time within which to do so.

2. The prejudice to the adversary

The Third Circuit instructs that "[e]vidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J. Brewing Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994). Generally, prejudice includes the irretrievable loss of evidence, the dimming of witnesses' memories, or the excessive costs of litigation imposed upon the opposing party. Id. at 874. It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). Here, the litigation is in its early stages. Thus, we do not find that the defendants have been prejudiced. If McClure is given another opportunity to be heard on the issue of his failure to proceed, and if he responds, the record would be more complete. Perhaps the defendants' position that they are

5

prejudiced might be supported if McClure continues to ignore our orders.

### 3. A history of dilatoriness

McClure initiated this action on February 18, 2015. (Doc. 1). On February 24, 2015, we directed that McClure file an amended complaint within fifteen days. (Doc. 8). He filed his amended complaint on March 16, 2015 (Doc. 10), eight days beyond the due date. He responded to the defendants' motion to dismiss (Doc. 17) by filing motions to strike (Docs. 19, 24) and briefs in support thereof. (Docs. 21, 26). We ordered McClure to file a second amended complaint within fifteen days of March 15, 2016 (Doc. 33), and he failed to do so. McClure failed to file an opposition brief to the instant motion. We extended the time *sua sponte* for him to file his brief through August 1, 2016. (Doc. 39). To date, he has failed to file any response.

### 4. Whether the conduct of the party was willful or in bad faith

The state of the record does not yet support a willfulness finding. However, if given another opportunity to respond, perhaps McClure can demonstrate that his failures to comply with our orders, to appear for his deposition, or to produce requested documents were

6

attributable to something other than willfulness or bad faith. Otherwise, his failure to respond can only be construed, at a minimum, as a desire to abandon his claim.

     5.    <u>The effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions</u>

We must consider the availability of sanctions alternative to dismissal. <u>Poulis</u>, 747 F.2d at 869. In matters involving <u>pro se</u> litigants who proceed in forma pauperis, the Third Circuit has found that monetary sanctions, including attorneys fees, "would not be an effective alternative." <u>Emerson v. Thiel Coll.</u>, 296 F.3d 184, 191 (3d Cir. 2002). However, Fed. R. Civ. P. 37(d)(3) requires that a party who fails to appear for his or her deposition <u>must</u> pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust. The state of the record, at this point, does not warrant the imposition of the payment of reasonable expenses. We will await McClure's response, if any, to the defendants' motion and determine whether he should pay the reasonable expenses for his failure to appear for his deposition.

6. <u>The meritoriousness of the claim or defense</u>

In determining whether a plaintiff's claim has merit, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim. <u>Poulis</u>, 747 F.2d at 869-70. In our report and recommendation dated February 17, 2016 (Doc. 31), which was adopted by the court, we determined that McClure stated a plausible FLSA overtime compensation claim. Thus, his FLSA claim surpassed the Rule 12(b)(6) motion to dismiss standard, and under the <u>Poulis</u> analysis, that claim is deemed to have merit.

B. <u>Balancing the Poulis Factors</u>

In balancing the <u>Poulis</u> factors, no single factor is dispositive. <u>Ware</u>, 322 F.3d at 222. Also, not all of the <u>Poulis</u> factors need be satisfied in order to dismiss a complaint. <u>Briscoe</u>, 538 F.3d at 263. As we indicated above, the state of the record is devoid of any justification for McClure's failure to comply with the court's orders, and to appear at his deposition and produce records. Nevertheless, we will afford McClure one final opportunity to explain his failures to comply by providing him a full and fair opportunity to be heard on these failures to comply.

An appropriate order follows.

*[Signature]*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: August 25, 2016